1 | Robert David Baker, Inc.
Robert David Baker, Esq. (87314)
2 | 80 South White Road
San Jose, CA 95127
3 | (408) 251-3400 Telephone
(408) 251-3401 Facsimile
4
Attorney for Plaintiff
5 | RAMON GONZALES-ARTEAGA

6

7 UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA,

8 SAN JOSE FACILITY

9
RAMON GONZALES-ARTEAGA    CASE NUMBER: 11-CV-05406-EJD (HRL)
10
Plaintiffs,    AMENDED EX PARTE APPLICATION
11                             AND STIPULATION TO EXTEND TIME
vs.                        FOR ADR
12
MAKPLATE, LLC; ALI YAHYA; ZAIN
13
YAHYA,
14
Defendants.
15

16

17   TO: HONORABLE EDWARD J. DAVILA:

18   PLEASE TAKE NOTICE: that the parties through their respective attorneys, move this

19 court to amend the ex parte application and stipulation for an order extending the time in which

20 to mediate this case through the court ADR services, filed on February 8, 2012. That application

21 requested an extension to mediate the case to May 6, 2012.

22   Good cause for the amendment exists because after a conference call with the Mediator

23 and counsel for defendants, and attempts, to contact the Bankruptcy Trustee have so far been to

24 no avail, it is necessary that in order to be prepared to mediate this matter, a 90 day extension to

25 mediate rather than a 30 day extension is necessary.

26   This application is based upon the application, the stipulation of the parties, and on all

27 other documents and records in the above-entitled matter.

28

Gonzales-Arteaga v. Makplate, LLC, et al; 11-CV-05406-HRL
Amended Ex Parte Application and Stipulation to Extend Time for ADR

1

Dated: February _____, 2012

_____
Robert David Baker, Esq.

## STIPULATION

The parties, through their respective attorneys, stipulate as follows;

1. The underlying claim in this matter is based on a claim for compensation for wage and hour violations while Plaintiff was employed with Makplate, LLC;

2. Plaintiff filed a bankruptcy with the United States Bankruptcy Court, Northern District of California, case number 10-55790;

3. Plaintiff did not include his wage and hour claim in the bankruptcy proceeding. Therefore, it was necessary to re-open the bankruptcy proceeding in order to obtain the trustee's permission to prosecute this action on behalf of Plaintiff. The bankruptcy proceeding was re-opened by Order signed December 28, 2011. A true and correct copy of that order is attached hereto as Exhibit A;

4. Plaintiff's attorney has attempted to contact the Bankruptcy Trustee, Carol Wu, regarding authority to prosecute the above-entitled matter, to avoid a standing issue. Thus far, there has been no return communication;

5. On February 13, 2012, A conference was held between counsel for the parties and Andrew R. Wiener, to assess the status of the mediation. Because Plaintiff's counsel has not received a response from the Bankruptcy Trustee, and the issue of initial discovery cannot be resolved until the standing issue is resolved with respect to the bankruptcy, the parties and the Mediator agreed to amend Plaintiff's

request to this court to ask this court to extend the time to mediate the case a further 30 days to June 6, 2012;

6. Therefore, it is respectfully requested that this court allow an additional 60 days, to May 6, 2012, to mediate this matter.

IT IS SO STIPULATED

Dated: February _____, 2012

_____
Robert David Baker, Esq.

Dated: February _____, 2012

_____
Marc Alan Eisenhart, Esq.

## ORDER

Based upon the application of the parties and the stipulation between counsel,

AND FOR GOOD CAUSE APPEARING, IT IS SO ORDERED, that the time in which to mediate the above-entitled matter through the court's ADR Unit is extended to June 6, 2012. This Order terminates docket item numbers 17 and 18.

Dated: February 15, 2012

_____
United States District Judge